IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **FREESCALE SEMICONDUCTOR, INC.** § | |
| § | |
| Plaintiff, § | |
| § | A10CA 139LY |
| v. § | CIVIL ACTION NO. _____ |
| § | |
| PANASONIC CORPORATION; PANASONIC § | |
| SEMICONDUCTOR DISCRETE DEVICES § | |
| CO. LTD.; AND PANASONIC § | |
| CORPORATION OF NORTH AMERICA, § | |
| § | |
| § | |
| Defendants. § | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Freescale Semiconductor, Inc., hereby files this Complaint for patent infringement against Defendants Panasonic Corporation, Panasonic Semiconductor Discrete Devices Co. Ltd., and Panasonic Corporation of North America.

### PARTIES

1. Plaintiff, Freescale Semiconductor, Inc. ("Freescale"), is a Delaware corporation with its headquarters located at 6501 William Cannon Drive West, Austin, Texas. Freescale was formed in 2004 as a result of the divestiture of the Semiconductor Products Sector of Motorola, Inc.

2. Upon information and belief, Defendant Panasonic Corporation is a corporation organized under the laws of Japan, and maintains its principal place of business at 1006 Oaza Kadoma, Kadoma, Osaka 571-8501, Japan.

3.     Upon information and belief, Defendant Panasonic Semiconductor Discrete Devices Co. Ltd. is a corporation organized under the laws of Japan and maintains its principal place of business at 8-1, Minamihirocho, Umezu, Ukyo-Ku 615-0901 Kyoto, Kyoto Japan.

4.     Upon information and belief, Defendant Panasonic Corporation of North America is a corporation organized under the laws of Delaware and maintains its principal place of business at 1 Panasonic Way, Secaucus, New Jersey 07094.

5.     Defendants Panasonic Corporation, Panasonic Semiconductor Discrete Devices Co. Ltd., and Panasonic Corporation of North America are hereinafter collectively referred to as "Defendants."

## JURISDICTION AND VENUE

6.     This is a civil action for patent infringement, injunctive relief, and damages arising under the patent laws of the United States, 35 U.S.C. §§ 1, et seq.  This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

7.     Upon information and belief, Defendants have ongoing and systematic contacts within the State of Texas and within this district.  Defendants, directly or through intermediaries (including distributors, retailers, and others), ship, distribute, offer for sale, sell, and/or advertise their products in the United States, the State of Texas, and the Western District of Texas.

8.     Defendants have purposefully and voluntarily placed one or more of their infringing products into the stream of commerce with the expectation that they will be purchased by consumers in the Western District of Texas.  These infringing products have been and continue to be purchased by consumers in the Western District of Texas.

9. Defendants have committed the tort of patent infringement within the State of Texas, and, more particularly, within the Western District of Texas. Therefore, this Court has personal jurisdiction over Defendants.

10. Venue is proper in the Western District of Texas under 28 U.S.C. §§ 1391 and 1400(b).

### U.S. PATENT NO. 5,216,278

11. On June 1, 1993, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,216,278 (the "'278 patent" or the "Lin patent"), titled "Semiconductor Device Having a Pad Array Carrier Package," to Paul T. Lin, Michael B. McShane and Howard P. Wilson. A true and correct copy of the '278 patent is attached as Exhibit 1.

12. Motorola was the owner by assignment of the '278 patent. Motorola subsequently assigned 50% of its interest in the '278 patent to Citizen Watch Co., Ltd., which was acquired by Amkor Technology. Motorola assigned its ownership interest in the '278 patent to Freescale. Freescale is a co-owner of the '278 patent and possesses the exclusive right to enforce the '278 patent, including the right to recover damages for past infringements, against Defendants.

13. The '278 patent is valid and enforceable.

### U.S. PATENT NO. 6,920,316

14. On July 19, 2005, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,920,316 (the "'316 patent" or the "Connell patent"), titled "High Performance Integrated Circuit Regulator with Substrate Transient Suppression," to

Lawrence Edwin Connell, Neal W. Hollenbeck, Michael Lee Bushman and Daniel Patrick McCarthy. A true and correct copy of the '316 patent is attached as Exhibit 2.

15. Freescale is the sole owner and assignee of all rights, title, and interest in and to the '316 patent and possesses all rights of recovery under the '316 patent, including the right to recover damages for past infringements.

16. The '316 patent is valid and enforceable.

## GENERAL ALLEGATIONS

17. Upon information and belief, Defendants use, sell, offer for sale, and/or distribute or offer for distribution one or more products, including but not limited to, certain, integrated circuits, microcontrollers, UniPhier controllers, integrated multimedia chip platforms, camcorder controllers, camera controllers, DVD players, flash memory controllers, media, system-on-chip chips, and products that contain same, that practice each of the elements of one or more claims of the '278 patent, without license from Freescale, in the Western District of Texas and throughout the United States.

18. Upon information and belief, Defendants use, sell, offer for sale, and/or distribute or offer for distribution one or more products, including but not limited to, certain, integrated circuits, microcontrollers and products that contain same, that practice each of the elements of one or more claims of the '316 patent, without license from Freescale, in the Western District of Texas and throughout the United States.

19. Upon information and belief, Defendants have knowledge of the '278 and/or '316 patents (collectively, the "Patents-in-Suit"), and have not ceased their infringing activities.

20. Defendants' continuing acts of infringement are irreparably harming and causing damage to Freescale. Freescale has no adequate remedy at law to redress Defendants' continuing

acts of infringement. The hardships that would be imposed upon Defendants by an injunction are less than those faced by Freescale should an injunction not issue. Furthermore, the public interest would be served by issuance of an injunction.

### Count One – Infringement of U.S. Patent No. 5,216,278

21. This count incorporates by reference paragraphs 1 through 20 as if fully set forth herein.

22. Upon information and belief, Defendants manufacture, use, sell, offer for sale, and/or distribute or offer for distribution one or more products, including but not limited to those listed in Paragraph 17, that practice each of the elements of one or more claims of the '278 patent, without license from Freescale, in the Western District of Texas and throughout the United States.

23. By manufacturing, using, selling, offering for sale, and/or distributing or offering for distribution its products, Defendants have directly infringed, and will continue to directly infringe, one or more claims of the '278 patent under 35 U.S.C. § 271 (a), (b), (c), and/or (f), literally and/or under the doctrine of equivalents.

24. By manufacturing, using, selling, offering for sale, and/or distributing or offering for distribution its products, Defendants have contributorily infringed, and will continue to contributorily infringe, one or more claims of the '278 patent under 35 U.S.C. § 271 (a), (b), (c), and/or (f), literally and/or under the doctrine of equivalents.

25. By manufacturing, using, selling, offering for sale, and/or distributing or offering for distribution its products, Defendants have induced infringement of, and will continue to induce infringement of, one or more claims of the '278 patent under 35 U.S.C. § 271 (b), and/or (f), literally and/or under the doctrine of equivalents.

26. Upon information and belief, Defendants' infringement of the '278 patent has been and continues to be willful and deliberate.

27. As a direct and proximate consequence of the acts and practices of Defendants, Freescale has been, is being and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284.

28. As a direct and proximate consequence of the acts and practices of Defendants, Defendants have also caused, are causing and, unless such acts and practices are enjoined by the Court, will continue to cause irreparable harm to Freescale for which there is no adequate remedy at law, and for which Freescale is entitled to injunctive relief under 35 U. S. C. § 283.

## Count Two – Infringement of U.S. Patent No. 6,920,316

29. This count incorporates by reference paragraphs 1 through 28 as if fully set forth herein.

30. Upon information and belief, Defendants manufacture, use, sell, offer for sale, and/or distribute or offer for distribution one or more products, including but not limited to those listed in Paragraph 18, that practice each of the elements of one or more claims of the '316 patent, without license from Freescale, in the Western District of Texas and throughout the United States.

31. By manufacturing, using, selling, offering for sale, and/or distributing or offering for distribution its products, Defendants have directly infringed, and will continue to directly infringe, one or more claims of the '316 patent under 35 U.S.C. § 271 (a), (b), (c), and/or (f), literally and/or under the doctrine of equivalents.

32. By manufacturing, using, selling, offering for sale, and/or distributing or offering for distribution its products, Defendants have contributorily infringed, and will continue to contributorily infringe, one or more claims of the '316 patent under 35 U.S.C. § 271 (a), (b), (c), and/or (f), literally and/or under the doctrine of equivalents.

33. By manufacturing, using, selling, offering for sale, and/or distributing or offering for distribution its products, Defendants have induced infringement of, and will continue to induce infringement of, one or more claims of the '316 patent under 35 U.S.C. § 271 (b), and/or (f), literally and/or under the doctrine of equivalents.

34. Upon information and belief, Defendants' infringement of the '316 patent has been and continues to be willful and deliberate.

35. As a direct and proximate consequence of the acts and practices of Defendants, Freescale has been, is being and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284.

36. As a direct and proximate consequence of the acts and practices of Defendants, Defendants have also caused, are causing and, unless such acts and practices are enjoined by the Court, will continue to cause irreparable harm to Freescale for which there is no adequate remedy at law, and for which Freescale is entitled to injunctive relief under 35 U. S. C. § 283.

## REQUEST FOR A JURY TRIAL

37. Freescale requests a jury trial of all issues in this action so triable.

## PRAYER FOR RELIEF

WHEREFORE, Freescale prays for judgment against Defendants as follows and for the following relief:

A.  a judgment that each of the Patents-in-Suit was duly and legally issued, is valid and is enforceable;

B.  a preliminary and permanent injunction restraining Defendants and their respective officers, employees, agents, parents, subsidiaries, affiliates, and anyone else in active concert or participation with them, from taking any actions that would directly or indirectly infringe the patent or patents of which Defendants are accused of infringing;

C.  a judgment that Defendants have infringed, contributorily infringed, and/or induced infringement of one or more claims of the Patents-in-Suit;

D.  a judgment that Defendants have willfully infringed one or more claims of each of the Patents-in-Suit;

E.  actual damages through verdict and post-verdict until Defendants are enjoined from further infringing activities;

F.  an accounting of damages through verdict and post-verdict until Defendants are enjoined from further infringing activities;

G.  all pre-judgment and post-judgment interest allowed by law, including an award of prejudgment interest, pursuant to 35 U.S.C. § 284, from the date of each act of infringement of the Patents-in-Suit to the day a damages judgment is entered, and further award of post-judgment interest, pursuant to 28 U.S.C. § 1961, continuing until such judgment is paid, at the maximum rate allowed by law;

H.  a judgment and order finding this to be an exceptional case and requiring Defendants to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285;

I.  reasonable attorneys fees and costs;

J.  an award of increased damages pursuant to 35 U.S.C. § 284 for Defendants' willful and deliberate patent infringement; and

K.  such other and further relief as the Court deems just and equitable.


Dated: March 1, 2010

Respectfully submitted,

By: _____
Alan D. Albright
State Bar No. 00973650
Email: alan.albright@bgllp.com
Barry K. Shelton
State Bar No. 24055029
Email: barry.shelton@bgllp.com
Michael Chibib
State Bar No. 00793497
Email: michael.chibib@bgllp.com
David Hoffman
State Bar No. 24046084
Email: david.hoffman@bgllp.com
Betty H. Chen
State Bar No. 24056720
Email: betty.chen@bgllp.com
BRACEWELL & GIULIANI LLP
111 Congress Avenue, Suite 2300
Austin, Texas 78701
(512) 472-7800
(512) 472-9123 fax

Counsel for Plaintiff,
Freescale Semiconductor, Inc.